2016 UT App 26

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RONALD ALVIN HAND,
Appellant.

Memorandum Decision
No. 20140210-CA
Filed February 11, 2016

Second District Court, Farmington Department
The Honorable Robert J. Dale
No. 131700092

Scott L. Wiggins, Attorney for Appellant

Sean D. Reyes and Kris C. Leonard, Attorneys
for Appellee

SENIOR JUDGE RUSSELL W. BENCH authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH and KATE A. TOOMEY
concurred.[1]

BENCH, Senior Judge:

¶1 Ronald Alvin Hand challenges his conviction of aggravated sexual abuse of a child, a first-degree felony. *See* Utah Code Ann. § 76-5-404.1(4)–(5) (LexisNexis 2012). In connection with this appeal, he also filed a motion pursuant to rule 23B of the Utah Rules of Appellate Procedure to remand the case to supplement the record. We deny Hand's motion and affirm his conviction.

---

1. Senior Judge Russell W. Bench sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

¶2     As a threshold matter, we consider Hand's rule 23B motion to supplement the record with the proposed testimony of two alibi witnesses and information regarding the reliability of the forensic interview of the victim. "A remand under rule 23B will . . . be granted [only] 'upon a nonspeculative allegation of facts, not fully appearing in the record on appeal, which, if true, could support a determination that counsel was ineffective.'" *State v. Lee*, 2014 UT App 4, ¶ 5, 318 P.3d 1164 (quoting Utah R. App. P. 23B(a)). To prevail on grounds of ineffective assistance, a defendant must demonstrate, first, "that counsel's performance was deficient, in that it fell below an objective standard of reasonable professional judgment," and second, "that counsel's deficient performance was prejudicial—i.e., that it affected the outcome of the case." *State v. Litherland*, 2000 UT 76, ¶ 19, 12 P.3d 92 (citing *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984)). Because we conclude that the facts alleged in the rule 23B motion, even if true, could not support a determination that counsel was ineffective, we deny Hand's motion. *See State v. Griffin*, 2015 UT 18, ¶ 20 ("It stands to reason that if the defendant could not meet the test for ineffective assistance of counsel, even if his new factual allegations were true, there is no reason to remand the case, and we should deny the [rule 23B] motion.").

¶3     First, Hand asserts that his counsel performed deficiently by failing to fully investigate two potential alibi witnesses and to call them to testify at his trial. According to the affidavits submitted in conjunction with Hand's rule 23B motion, the two witnesses would have testified that they were visiting the victim's mother's home on "the day of the claimed incident" and that they were with Hand the whole time the victim was present at the home.

¶4     Even if Hand could establish the alibi witnesses' testimony on remand, he could not demonstrate that counsel's failure to use the witnesses prejudiced him, because the witnesses' testimony would have done little to prove an alibi.

The affidavits do not actually identify the precise day the two witnesses were present at the home; they only indicate that the witnesses were in the home on "the day of the claimed incident" and provide no additional information tying the day they describe to the charged offense. But there was no evidence at trial indicating when the "claimed incident" occurred. Rather, the relevant events were charged to have occurred on an unspecified date between May 19, 2010, and September 1, 2011. Thus, testimony that two individuals were with Hand and the victim on one particular day during that time frame would not have established an alibi for the entire period during which the incident could have occurred. *Cf. Burke v. State*, 2015 UT App 1, ¶¶ 23–25, 342 P.3d 299 (holding that counsel did not perform deficiently by failing to investigate and present an alibi that covered only a portion of the time during which the crime was alleged to have taken place).

¶5     And even if the witnesses could have established an exculpatory alibi, Hand could not establish that counsel performed deficiently in failing to investigate them and call them to testify at trial. The affidavits do not support Hand's assertion that defense counsel failed to investigate the witnesses. In fact, both affidavits contradict that assertion, as both indicate that the potential witnesses spoke with Hand's counsel "about how [they] could perhaps help [Hand's] case."

¶6     Furthermore, it was reasonable trial strategy for defense counsel not to call the alibi witnesses. Using the alibi witnesses would have required the defense to convince the jury not only that the witnesses were with Hand on the day they claimed but also that the day the witnesses were with Hand was the same day the alleged abuse took place. Since there was no evidence regarding the precise day the incident took place, it was reasonable for defense counsel to use the lack of a precise date to undermine the victim's credibility rather than try to establish an alibi. Indeed, defense counsel pointed out in opening and closing arguments that the date of the alleged abuse was imprecise,

stressing the difficulty of proving the circumstances of the case and urging the jury to focus on inconsistencies in the victim's testimony. Defense counsel used the imprecise date to elicit sympathy from the jury, emphasizing the State's burden of proof and asking the jury to consider how difficult it is for someone to "prove a negative." This was a reasonable approach under the circumstances.

¶7 Additionally, defense counsel may have anticipated that the victim and her mother might refute the witnesses' claims of having been present at the time of the incident, as neither the victim nor her mother ever mentioned others being present at the home on the day of the incident. Thus, counsel could have reasonably determined that using the alibi witnesses would hurt Hand's case more than help it. Because there is a conceivable strategy for not calling the alibi witnesses, Hand cannot demonstrate that counsel performed deficiently. *See State v. Tennyson*, 850 P.2d 461, 468 (Utah Ct. App. 1993) ("[A]n ineffective assistance claim succeeds only when no conceivable legitimate tactic or strategy can be surmised from counsel's actions.").

¶8 Hand next argues that defense counsel was ineffective for failing to investigate the reliability of the victim's forensic interview and use the results of that investigation to undermine the victim's credibility. The jury never actually heard the interview and therefore did not rely on it in making its decision. Thus, there was no need to undermine the credibility of the interview itself. Accordingly, the only purpose we can surmise that could have been served by attacking the interview's reliability would have been to assert that the interview somehow improperly influenced the victim's later testimony. But neither the record nor the affidavits submitted with the rule 23B motion establish the contents of the interview, so the relationship between the interview and the victim's trial testimony is speculative.

¶9   Furthermore, defense counsel's trial strategy focused on proving that the allegations were fabricated in the first place, not that the victim was influenced by improper interview procedures. Counsel focused on proving that the victim had a motive to accuse Hand because she disliked him and resented his relationship with her mother. Thus, demonstrating that the interview was improperly conducted would have done little to advance the defense's theory of the case. Pursuing a fabrication defense was a reasonable trial strategy, and counsel did not perform deficiently by pursuing this strategy rather than attempting to undermine the forensic interview, which was not even presented to the jury.

¶10   Hand also argues that the trial court applied the wrong standard in ruling on his motion to arrest judgment and erred in denying that motion. We review a trial court's ruling on a motion to arrest judgment for correctness. *State v. Black*, 2015 UT App 30, ¶ 12, 344 P.3d 644.

¶11   A court may reverse a jury verdict on a motion to arrest judgment only when "the evidence is sufficiently inconclusive or inherently improbable such that reasonable minds must have entertained a reasonable doubt that the defendant committed the crime for which he or she was convicted." *See State v. Bluff*, 2002 UT 66, ¶ 63, 52 P.3d 1210 (citation and internal quotation marks omitted). Here, Hand's motion to arrest judgment was based on his assertion that the victim told different people different stories about what happened immediately after the alleged abuse occurred,[2] that she did not tell anyone that Hand told her he wanted her to be his "little girlfriend" until trial, that it was

---

2. The victim reported to several different individuals that she hid from Hand following the incident, but her story varied as to whether she hid in a truck, in a dog run, or behind some trees and as to whether Hand found her and told her not to tell anyone what had happened.

improbable that Hand would have rubbed the victim's back while her mother was nearby, and that the hand gesture the victim used at trial to indicate how Hand touched her was inconsistent with the angle required for penetration.

¶12 The trial court concluded that the victim's testimony regarding the facts constituting the offense was "direct" and "very specific and met each and every one of the elements of the crime[]." The victim testified that Hand rubbed her back while she was in bed with him and her mother and that she left because she felt uncomfortable. Hand then followed her upstairs and began rubbing her back under her shirt and putting his hands down her pants underneath her underwear. The victim testified that Hand digitally penetrated her and that he asked her "to be his little girlfriend."

¶13 The trial court determined that Hand was "primarily complaining of inconsistent testimony" that went to the credibility of the witnesses and was "something for the jury to weigh." It determined that the victim's inconsistent testimony about what Hand said to her and what happened after the incident ultimately went to the victim's credibility and did not make her testimony regarding the facts constituting the crime inherently improbable. The court further concluded that if the mother was asleep, it was not improbable that Hand could have rubbed the victim's back in the mother's presence without the mother knowing. The court also observed that the hand gesture used by the victim "was not a demonstration . . . of penetration or how penetration occurred" but was used to show "how it was that [Hand's] hand . . . went inside of her clothing."

¶14 Hand asserts that the trial court erred in dismissing the inconsistencies in the victim's testimony as "tangential," arguing that this approach departs from our supreme court's holding that "[s]ubstantial inconsistencies in a sole witness's testimony, though not directed at the core offense, can create a situation where the prosecution cannot be said to have proven the

defendant's guilt beyond a reasonable doubt," *State v. Robbins*, 2009 UT 23, ¶ 17, 210 P.3d 288. While *substantial* inconsistencies, even as to tangential issues, may make a witness's testimony inherently improbable, we agree with the trial court that the tangential inconsistencies in this case did not make "the credibility of the witness . . . so weak that no reasonable jury could find the defendant guilty beyond a reasonable doubt." *See id.* ¶ 18; *see also State v. Kamrowski*, 2015 UT App 75, ¶ 16, 347 P.3d 861 ("[I]nconsistencies with respect to peripheral issues or details of the abuse will generally not implicate the inherent-improbability doctrine but are matters for the jury to resolve in assessing the witness's credibility."). Thus, the trial court did not err in denying Hand's motion to arrest judgment.

¶15    We conclude that Hand could not establish his ineffective assistance of counsel claims even if he were permitted to supplement the record on remand. Further, we determine that the trial court did not err in denying Hand's motion to arrest judgment. Accordingly, we deny Hand's rule 23B motion and affirm his conviction.

_____