2014 UT App 230

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
CHARLY BO DANIELS,
Defendant and Appellant.

Memorandum Decision
No. 20130570-CA
Filed October 2, 2014

Second District Court, Ogden Department
The Honorable W. Brent West
No. 131900220

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES STEPHEN L. ROTH and MICHELE M.
CHRISTIANSEN concurred.

ORME, Judge:

¶1     Defendant Charly Bo Daniels pled guilty to burglary and possession or use of a controlled substance, both third degree felonies. After a restitution hearing, the trial court denied Defendant's request for probation and instead imposed a prison sentence. Defendant appeals, arguing that the trial court erroneously used unreliable information in determining Defendant's sentence. We affirm.

¶2     The owners of an office building were shocked to discover that copper-hunting thieves had destroyed their building. Water

poured through the ceiling where the thieves had ripped out wires and conduits, ruining the walls and ceiling tiles. After surveying the destruction, the owners knew they could not sell the building as they had originally planned. Defendant was one of the thieves who had raided the building, and he later admitted to stealing copper wiring from the main power box and walls and to taking copper tubing from a furnace. He was arrested and pled guilty to one count of burglary and one count of possession or use of a controlled substance.

¶3   During the sentencing hearing, Defendant's trial counsel objected to the building owners' claims that Defendant's actions resulted in $21,500 in damages. Trial counsel admitted that this estimate might be correct, but he insisted that there was no evidence to support it. The trial court sentenced Defendant to concurrent terms of zero to five years in prison for both felonies but stayed the sentence until it could hold a restitution hearing to more accurately determine the amount of the damages. The trial judge stated:

> Well, I'll be candid, it makes a difference to me . . . . I want to hear from the victims and I want to hear what the restitution figure is actually going [to] be. . . .
>
> If, in fact, the damage is not that high and he has finally awakened and smelled the roses and turned his life around, I'll consider lifting the stay and putting him on probation. But I want more information.

¶4   At the restitution hearing, the building owners calculated their damages to be "quite a bit more" than their original estimate of $21,500. Defendant admitted that he was "absolutely responsible" for a total of $15,800, but he stipulated to $30,000 in restitution because it was impossible to separate the damage Defendant had caused from the damage other copper thieves may

have caused. The trial court then said, "Were you folks not listening to me when we set the restitution hearing? I said if the restitution was in excess of $20,000, I was seriously considering prison."[1]

¶5    Defendant's trial counsel argued that there was a distinction between the stipulated restitution amount that Defendant was willing to accept to resolve the matter and the amount of damages for which Defendant was admitting actual responsibility. The implication, apparently, was that the trial court should base its sentencing decision on the $15,800 damage figure and not on the stipulated $30,000 restitution figure.

¶6    After discussing other matters and hearing from one of the building owners, the trial court decided to impose the prison sentence it had previously set but then stayed. In doing so, the trial court did not mention either specific figure. Instead, the trial court recited Defendant's significant criminal history, spanning from 1989 to the present, and concluded, "I just don't see a difference or a change in the behavior."

¶7    Without explaining why nearly $16,000 in burglary-related damage would warrant only probation, albeit with jail time, while a figure of $30,000 would warrant prison, Defendant now argues that the trial court erroneously based its decision to impose the prison sentence on an unreliable damage estimate. He asks us to overturn the sentence on that basis. We decline to do so. "A sentence will not be overturned on appeal unless the trial court has abused its discretion, failed to consider all legally relevant factors, or imposed a sentence that exceeds legally prescribed limits." *State v. Nuttall*, 861 P.2d 454, 456 (Utah Ct. App. 1993). We will conclude

---

1.    The $20,000 figure does not appear in the record of the sentencing hearing. Based on the context, however, it is likely that the trial court was referring to the building owners' initial $21,500 damage estimate and was simply rounding down for convenience.

that a trial court has abused its discretion in sentencing only if no reasonable person could adopt the view of the trial court. *See id.*

¶8 Although the trial court stated previously that the amount of damages would influence its ultimate sentencing decision, it did not guarantee a specific result. Instead, far from relying on the damage estimate in reaching its sentencing decision, the trial court discussed only Defendant's extensive criminal record in lifting the stay and imposing the prison sentence it had previously announced. Defendant's criminal history and the trial court's determination that Defendant had not changed his behavior are a sufficient basis to support the sentence imposed by the trial court. Additional factors, such as whether Defendant was responsible for damages in excess of a certain monetary value, are ultimately irrelevant in this appeal because we readily conclude that a reasonable person could adopt the view of the trial court based solely on the reasons stated at the time it imposed the sentence. Therefore, the trial court did not abuse its discretion in imposing Defendant's sentence.

¶9 Defendant also argues that his trial counsel was ineffective for failing to withdraw the stipulation to $30,000 in restitution—about double the figure for which Defendant admitted being "absolutely responsible"—when it was clear that the trial court might use that information as a basis to impose the prison sentence.[2] To show constitutionally ineffective assistance of counsel, Defendant must prove that his trial counsel's "representation fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and that he was prejudiced thereby, *see id*. at 687. If a "defendant

---

2. The State urges us not to consider this issue, arguing that it was inadequately briefed because it was placed in a footnote. We disagree with the State and readily conclude that Defendant's treatment of this issue contained "reasoned analysis based upon relevant legal authority." *Smith v. Smith*, 1999 UT App 370, ¶ 8, 995 P.2d 14. *See* Utah R. App. P. 24(a)(9).

has failed to prove that his counsel had no *conceivable* tactical basis for his actions," then we will not consider trial counsel's performance to be constitutionally deficient. *See State v. Clark*, 2004 UT 25, ¶ 7, 89 P.3d 162 (emphasis added) (internal quotation marks omitted).

¶10　Here, Defendant argues that, under the circumstances, the $30,000 stipulation "had no conceivable beneficial value" to Defendant and therefore amounted to ineffective assistance of counsel. We disagree. Considering the building owners' revised damage estimate that was "quite a bit more" than originally thought, and considering the extensive nature of the damage to the building, trial counsel might very reasonably have concluded that his client risked restitution liability in excess of $30,000. Or counsel may have thought that it might play well for Defendant to accept a restitution award in excess of the damages for which he admitted he was "absolutely responsible." Either rationale supplies a "conceivable tactical basis" for trial counsel to stipulate to that amount. *See id*. When the trial court reminded trial counsel that damages in excess of $20,000 would prompt it to seriously consider imposing the prison sentence, trial counsel appropriately argued that there was a difference between his client's personal liability, which Defendant acknowledged to be $15,800, and his client's restitution obligation, stipulated at $30,000. Whether the trial court ultimately accepted this reasoning is irrelevant to whether trial counsel had a conceivable tactical basis for this approach. Because we conclude that trial counsel had a conceivable tactical basis for his approach, we cannot conclude that he was ineffective in this regard.

¶11　Because the trial court did not abuse its discretion in sentencing Defendant, and because Defendant's trial counsel was not constitutionally ineffective, we decline to overturn the sentence imposed by the trial court.

¶12　Affirmed.

———————