2015 UT App 46

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Plaintiff and Appellee,
*v.*
JOSEPH JOHN MIERA,
Defendant and Appellant.

Memorandum Decision
No. 20130788-CA
Filed February 26, 2015

Third District Court, Salt Lake Department
The Honorable Vernice S. Trease
No. 131903255

Joanna E. Landau and McCaye Christianson,
Attorneys for Appellant

Sean D. Reyes and Daniel W. Boyer, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES J. FREDERIC VOROS JR. and JOHN A. PEARCE
concurred.

ORME, Judge:

¶1     Defendant Joseph John Miera pled guilty to burglary, a second degree felony. *See* Utah Code Ann. § 76-6-202 (LexisNexis 2012). The district court sentenced Defendant to prison. Defendant appeals, arguing that the district court abused its discretion when it denied his request for probation. We affirm.

¶2     Defendant and a female associate gained entry to J.R.'s home after they knocked on the door and asked J.R. for some water for their dog. When J.R. graciously returned with the

water, Defendant struck J.R. in the face, knocking him to the ground. Two of Defendant's male associates then kicked J.R.'s front door open and entered the home. One of those associates entered the bedroom of J.R.'s girlfriend and would not allow her to leave. When Defendant and his associates eventually left, they took money, jewelry, and other valuables with them. Defendant was later arrested and charged.

¶3 Pursuant to a plea bargain, Defendant pled guilty to burglary, a second degree felony, and the State stipulated to the supervised release of Defendant pending sentencing. During his release, Defendant was supervised by Adult Probation and Parole (AP&P). After entry of the plea but before sentencing, AP&P notified the trial court that Defendant had violated the conditions of his supervised release by failing to attend an appointment with AP&P. Defendant's pretrial release was therefore revoked.

¶4 At sentencing, Defendant's counsel requested that Defendant receive probation. The district court instead sentenced Defendant to the statutory prison term of one to fifteen years and ordered restitution.

¶5 We are now asked to decide whether the district court abused its discretion by sentencing Defendant to prison rather than placing him on probation. An appellate court will find an abuse of discretion only if it can be said that "no reasonable person could adopt the view of the trial court." *State v. Daniels*, 2014 UT App 230, ¶ 7, 336 P.3d 1074. *Accord State v. Gerrard*, 584 P.2d 885, 887 (Utah 1978). Defendant fails to meet this burden.

¶6 Defendant's sentence is squarely within the scope of the applicable statute. *See* Utah Code Ann. § 76-3-203 (LexisNexis 2012). That statute allows "[a] person who has been convicted of a [second degree] felony" to be sentenced to an indeterminate prison term "of not less than one year nor more than 15 years." *Id.* This is precisely the sentence Defendant received. Defendant argues that his sentence is "inherently unfair" because it

"prevent[s] [him] from being able to work and contribute to the restitution he was ordered to pay." Defendant's inability to work while incarcerated is a burden common to essentially all inmates and is not enough to establish that his statutorily authorized sentence was an abuse of discretion.

¶7    The rule in Utah has long been that

> [p]robation is not a matter of right . . . . The granting or withholding of probation involves considering intangibles of character, personality and attitude, of which the cold record gives little inkling. These matters, which are to be considered in connection with the prior record of the accused, are of such nature that the problem of probation must of necessity rest within the discretion of the judge who hears the case.

*State v. Sibert*, 310 P.2d 388, 393 (Utah 1957). The fact that Defendant requested probation does not mean he is entitled to receive it. Indeed, "[t]he decision whether to grant probation is within the *complete* discretion of the trial court." *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991) (emphasis added).

¶8    Here, the district court determined that probation should not be granted. In light of Defendant's failure to abide by the terms of his pretrial release, his criminal record, and the nature and circumstances of the crime committed, we see no abuse of discretion. The district court's decision will not be disturbed.

¶9    Affirmed.

_____