2016 UT App 52

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
ANGELIQUE PAULA NICHOLS,
Appellant.

Per Curiam Decision
No. 20150275-CA
Filed March 24, 2016

Fifth District Court, Cedar City Department
The Honorable Keith C. Barnes
Nos. 141500297, 141500491

Matthew D. Carling, Attorney for Appellant

Sean D. Reyes and Laura B. Dupaix, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME, MICHELE M. CHRISTIANSEN, and KATE A. TOOMEY.

PER CURIAM:

¶1     In this consolidated appeal, Angelique Paula Nichols appeals her sentence for convictions on one count of second-degree felony possession of a controlled substance with intent to distribute in case number 141500491, and one count of third-degree felony possession of a controlled substance in case number 141500297. We affirm.

¶2     An appellate court "will overturn a sentencing decision only if it is clear that the actions of the [sentencing] judge were so inherently unfair as to constitute an abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 18, 191 P.3d 17 (emphasis omitted) (quoting *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991)). A district court has broad discretion in deciding whether

or not to order probation, because the "granting or withholding of probation involves considering intangibles of character, personality and attitude." *Rhodes*, 818 P.2d at 1049. "The defendant is not entitled to probation, but rather the court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *Id.* at 1051. "An appellate court reviews the district court's decision to grant, modify, or revoke probation for abuse of discretion." *State v. Brooks*, 2012 UT App 34, ¶ 8, 271 P.3d 831.

¶3      Nichols entered guilty pleas in the two Iron County cases that are the subjects of this appeal. Because Nichols had been sentenced forty-five days earlier in a Washington County case, the district court in Iron County ordered an addendum to the presentence investigation report (PSR) that had been prepared for the Washington County case. The PSR and addendum described Nichols's criminal history, her family and living situation, her education and employment, her substance abuse history, and her attitude. The PSR and addendum also included Nichols's own statements. With regard to the Iron County offenses, Nichols wrote that she sold methamphetamine only to help support her terminally ill husband, who was unable to work.

¶4      Adult Probation & Parole (AP&P) recommended that Nichols serve prison time for both Iron County cases based upon her habitual criminal activity. Although the sentencing matrix placed Nichols on the line between prison and probation, the PSR that had been prepared for the Washington County sentencing hearing stated that Nichols was considered at high risk to reoffend and was a marginal candidate for supervised probation. The addendum reported that Nichols minimized her illegal activity, portrayed herself as a victim, and failed to see the benefit of probation. The addendum also noted that Nichols had

been placed on probation in the past, and she had not been successful.

¶5     At sentencing in the Iron County cases, the State agreed with AP&P's recommendation for prison terms. The prosecutor emphasized that confidential informants frequently mentioned Nichols as a distributor of methamphetamine who brought the drug in from Las Vegas to sell in Iron County. The prosecutor emphasized that two days after posting bail in Iron County case number 141500297, she was caught and charged in Washington County for possession of methamphetamine and that she also was charged with retail theft twice while on pre-trial release, all before she was charged in Iron County case number 141500491, which again involved "possession of a large amount of methamphetamine." The prosecutor stated that Nichols admitted she was going to Las Vegas at least once a week to purchase about an ounce of methamphetamine to later sell in Cedar City, Utah. The prosecutor stated that informants identified Nichols as one of the major dealers in Iron County. The State urged the court to sentence Nichols to prison because she had been unsuccessful on probation and because the community would be safer if she was incarcerated.

¶6     Nichols's defense counsel argued that she sold drugs only because she needed money to care for her husband and asked that the court allow her to serve jail time in Iron County and to have the terms run concurrently. Nichols addressed the district court personally and insisted that she only sold drugs for two years in order to take care of her husband. She denied that she sold drugs to fund her own use. Both Nichols and her husband addressed the court about the nature and extent of his health problems and his need for care.

¶7     The sentencing judge noted that Nichols candidly admitted to the officers conducting the initial search that she was involved in distributing drugs within the community; however,

her honesty was offset by her subsequent actions, which resulted in the second Iron County case. The district court followed the recommendations of AP&P and the State, sentencing Nichols to serve concurrent prison terms of zero-to-five years on the third-degree felony possession charge and one-to-fifteen years on the second-degree felony distribution charge.

¶8    Nichols claims that the sentencing court abused its discretion by failing to properly consider all legally relevant factors and by imposing a sentence that was "not legally excessive under the guidelines, but [was] excessive under the collateral consequences." Nichols argues that because she admitted that she sold drugs, acknowledged that selling drugs was wrong, and claimed that she sold drugs not to support a personal habit but to support her family after her husband became ill, the district court should have placed her on probation because it was in the best interests of justice to do so. She further argues that "her candor, sincere remorse, and extenuating and currently existing circumstances regarding her husband's health" should have been given greater weight than her criminal history. However, the district court record does not support Nichols's claim that the district court did not consider the unique family circumstances related to her husband's illness. The addendum to the PSR discussed her family situation. In addition, a significant portion of the sentencing hearing was spent discussing the husband's health and Nichols's hope to be available to care for him by serving a jail term in Iron County on weekends. Defense counsel, Nichols, and Nichols's husband all addressed the court on the subject.

¶9    The State persuasively argues that Nichols's "real complaint is not that the trial court didn't consider her husband's health, but that it didn't give it enough weight." The sentencing court reasonably determined that Nichols's continued criminal activity, even after her initial arrest, outweighed her candor and family circumstances as sentencing

considerations. Furthermore, Nichols admittedly engaged in serious criminal conduct and was a significant methamphetamine distributor in Iron County. Accordingly, the district court did not abuse its discretion in determining that probation was not an appropriate sentence for Nichols and would not be in the public interest.

¶10 The State correctly notes that it is not necessary for a sentencing judge to make specific findings in support of its sentencing decision, *see State v. Helms*, 2002 UT 12, ¶ 11, 40 P.3d 626, or to "articulate what information [the judge] consider[ed] in imposing a sentence," *State v. Moa*, 2012 UT 28, ¶ 40, 282 P.3d 985. An appellate court assumes that "the mitigating factors presented to the [sentencing] court were appropriately considered." *Moa*, 2012 UT 28, ¶ 41 n.65. It cannot be reasonably disputed that the claimed mitigating factors arising from Nichols's family circumstances were presented to the district court at sentencing. This is not undermined by Nichols's claim that the district court did not review the "folders and folders" of documentation on the husband's heart condition, because his health condition was not questioned. There is no factual basis to support a claim that the court failed to consider all legally relevant factors in sentencing Nichols.

¶11 A defendant in a criminal case "is not entitled to probation." *State v. Rhodes*, 818 P.2d 1048, 1051 (Utah Ct. App. 1991)(emphasis omitted) (citation and internal quotation marks omitted)). An appellate court will not overturn the denial of probation unless it is "clear that the actions of the judge were so inherently unfair as to constitute an abuse of discretion." *Id.* The decision in this case to sentence Nichols to the statutory prison terms, rather than placing her on probation does not constitute an abuse of discretion.

¶12 Accordingly, we affirm.

———————