**2017 UT App 46**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
SHANE WELLS LANDON,
Appellant.

Per Curiam Decision
No. 20160395-CA
Filed March 16, 2017

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 151913764

Alexandra S. McCallum and David P.S. Mack,
Attorneys for Appellant

Sean D. Reyes and Jennifer Paisner Williams,
Attorneys for Appellee

Before JUDGES MICHELE M. CHRISTIANSEN, KATE A. TOOMEY, and
DAVID N. MORTENSEN.

PER CURIAM:

¶1    Shane Wells Landon appeals the sentences on his convictions of attempted assault against a police officer, a third degree felony; failure to stop or respond at the command of an officer, a third degree felony; and driving under the influence of alcohol or drugs, a class B misdemeanor. We affirm.

¶2    Landon argues that the district court abused its discretion by sentencing him to prison rather than probation and by sentencing him to serve two consecutive terms of zero to five

years in prison.[1] Specifically, Landon contends that the sentencing court abused its discretion "when it sentenced him to prison despite the intangible factors supporting probation, including his character, attitude, [and] rehabilitative needs." Alternatively, he argues that the sentencing court abused its discretion by imposing consecutive sentences on his two felony convictions because the court did not give adequate weight to these factors.

¶3     "In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (citation and internal quotation marks omitted). Trial courts are afforded "wide latitude and discretion in sentencing, recognizing that they are best situated to weigh the many intangibles of character, personality and attitude." *Id.* ¶ 58 (citation and internal quotation marks omitted). "An appellate court will find an abuse of discretion only if it can be said that 'no reasonable person could adopt the view of the trial court.'" *State v. Miera*, 2015 UT App 46, ¶ 5, 345 P.3d 761 (quoting *State v. Daniels*, 2014 UT App 230, ¶ 7, 336 P.3d 1074).

¶4     After being stopped for a traffic violation, Landon chose to drive off. During the ensuing pursuit, Landon rammed the police officer's vehicle with his vehicle, and the officer sustained minor injuries. The Presentence Investigation Report (PSI) recommended a prison sentence, noting "the egregious nature of the instant offenses, [his] past criminal history indicating high

---

1. The district court sentenced Landon on the class B misdemeanor to a jail term equal to the time he had already served. Thus, the sentence on that conviction presents no issue for appeal.

risk behaviors, and his unsuccessful attempts at community supervision—the defendant committed the instant offenses while on probation for felony offenses." The PSI scored Landon in the "intermediate sanctions" category under the sentencing guidelines, but he was considered to be in a high risk category of the Level of Service Inventory assessment. The State asked for a prison sentence. Landon asked the court to place him on probation, arguing that he took responsibility for his actions, expressed remorse, was committed to addressing his alcohol issues, had been attending Alcoholics Anonymous while jailed, had family support, and would have a job if placed on probation. Landon argued that his adult criminal history was not extensive and that this incident represented his only probation violation.

¶5     The district court sentenced Landon to prison, citing the recommendation from the PSI, stating that Landon deliberately attempted to injure the police officer, and noting that Landon had exhibited a poor attitude toward supervision and had only nominal success while on probation. While acknowledging Landon's remorse and his desire to improve his life, the district court stated that it needed to "balance the interest of society against Landon's interest." In sentencing Landon to consecutive prison terms, the district court stated that it based its decision upon Landon's "poor performance on probation and the violent, deliberate nature of this attack on a public servant."

¶6     The district court did not abuse its discretion in sentencing Landon to prison rather than placing him on probation. A defendant is not entitled to probation as a matter of right. *See State v. Sibert*, 310 P.2d 388, 393 (Utah 1957). Because "[t]he granting or withholding of probation involves considering intangibles of character, personality and attitude," *id.*, "[t]he decision whether to grant probation is within the complete discretion of the trial court," *State v. Rhodes*, 818 P.2d 1048, 1049 (Utah Ct. App. 1991); *see also State v. Valdovinos*, 2003 UT App

432, ¶ 23, 82 P.3d 1167 (stating that due to the consideration of "intangibles," "the problem of probation must of necessity rest within the discretion of the judge who hears the case" (citation and internal quotation marks omitted)). Landon's core argument is that the district court did not adequately consider, or give appropriate weight to, his character, personality, and rehabilitative needs. The record demonstrates otherwise. The district court considered the PSI, the arguments of counsel, and statements by Landon and the victim. The sentence was within the statutory range and was not inherently unfair. Under the circumstances, this court will not disturb the sentencing decision.

¶7    Landon's alternative argument is that the district court abused its discretion by sentencing him to serve consecutive prison terms. Landon argues that this issue was preserved for appeal by his argument that he should be placed on probation. "Generally, in order to preserve an issue for appellate review, a party must make a timely and specific objection before the trial court." *State v. Tingey*, 2014 UT App 228, ¶ 3, 336 P.3d 608 (citation and internal quotation marks omitted). Landon "has not demonstrated that he specifically objected to or otherwise brought to the trial court's attention the court's alleged failure to consider the requisite statutory factors in imposing sentence." *See id.* Landon's argument for probation was not directed to the issues related to the imposition of concurrent or consecutive sentences and was "insufficient to alert the trial court to the specific error [Landon] now claims on appeal—that the court failed to consider relevant statutory factors before it imposed" consecutive prison terms. *Id.*

¶8    Accordingly, we review the claim that the district court erred in imposing consecutive sentences under Landon's claim of plain error. In order to prevail under a plain error analysis, a party must establish that an error occurred, that the error should have been obvious to the trial court, and that the error was

harmful. *See id.* ¶ 7. Landon has not satisfied this burden. In determining whether to impose consecutive sentences, "the court shall consider the gravity and circumstances of the offenses, the number of victims and the history, character, and rehabilitative needs of the defendant." Utah Code Ann. § 76-3-401(2) (LexisNexis 2012). However, a court is not required to specifically refer to each of these factors in its ruling in order to demonstrate its consideration of the factors. *See State v. Thorkelson*, 2004 UT App 9, ¶ 13, 84 P.3d 854. The record reflects that the district court relied upon a PSI that specifically considered the statutory factors. After reviewing the PSI and the information received at sentencing, the district court identified the specific factors that it concluded supported the imposition of consecutive sentences as Landon's "poor performance on probation and the violent, deliberate nature of the" offense. Furthermore, Landon's argument is not that the district court failed to consider the statutory factors but that the court failed to afford appropriate weight to the factors of character, history, and rehabilitative needs. However, an argument that the court erred in its balancing of the factors is not an argument that supports a finding of any plain error. It is unnecessary to consider the remaining factors of the plain error analysis.

¶9     Finally, Landon's argument that the imposition of consecutive sentences resulted in an illegal sentence that should be corrected under rule 22(e) of the Utah Rules of Criminal Procedure lacks merit. An illegal sentence "generally occurs in one of two situations: (1) where the sentencing court has no jurisdiction, or (2) where the sentence is beyond the authorized statutory range." *Id.* ¶ 15. Landon's challenges to the imposition of consecutive, rather than concurrent sentences, involves neither of these situations and was not otherwise "illegal."

¶10    Accordingly, we affirm the sentence imposed by the district court.

———————