2017 UT App 83

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
DENNIS ROLLAND ATKINSON,
Appellant.

Opinion
No. 20150640-CA
Filed May 18, 2017

Fifth District Court, Cedar City Department
The Honorable Keith C. Barnes
No. 141500765

Matthew D. Carling, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Opinion, in
which JUDGES KATE A. TOOMEY and JILL M. POHLMAN concurred.

CHRISTIANSEN, Judge:

¶1     Defendant Dennis Rolland Atkinson appeals from the district court's sentencing decision. He contends that the district court improperly weighed mitigating and aggravating sentencing factors because the court failed to apply the Americans with Disabilities Act (the ADA) and the Rehabilitation Act (the Rehab Act) when sentencing Defendant to prison. *See generally* 42 U.S.C. §§ 12101–12213 (Supp. II 2008); 29 U.S.C. §§ 791–794g (Supp. II 2014). Because Defendant did not specifically argue to the district court that the ADA and the Rehab Act apply to criminal sentencing hearings, we conclude that this issue was not preserved for appeal. Ultimately, we hold that the court's weighing of the sentencing factors did not exceed its discretion and, accordingly, we affirm.

¶2     Defendant was charged with committing nineteen crimes between September 2014 and May 2015. He pled guilty to five of the nineteen charges: failure to register as a sex offender, identity fraud, forgery, and two counts of driving while intoxicated, all third degree felonies. After evaluating Defendant, including his fifteen-year criminal record, frequent parole and probation violations, his response to community supervision, and his behavioral issues while incarcerated, Adult Probation & Parole (AP&P) recommended that Defendant be sentenced to five prison terms of zero to five years. The district court agreed that prison was appropriate; it sentenced Defendant to four concurrent prison terms of zero to five year prison terms and one consecutive zero-to-five year prison term.

¶3     Defendant contends that the court improperly weighed mitigating and aggravating circumstances in sentencing him to prison. We review for an abuse of discretion. *See State v. Epling*, 2011 UT App 229, ¶ 8, 262 P.3d 440 ("Because trial courts are afforded wide latitude in sentencing, a court's sentencing decision is reviewed for an abuse of discretion." (citations and internal quotation marks omitted)).[1]

¶4     Defendant first argues that "[t]he proximate cause of the crimes was attributable to Defendant's physical disabilities, and application of [the ADA] is non-discretionary on the court as a public entity providing a service." More specifically, he asserts that the district court "was well informed through submitted evidence that [he] was disabled" and that the court therefore had "an affirmative obligation to accommodate [Defendant] in sentencing." (Citation and internal quotation marks omitted.) In

---

1. However, where a defendant's challenge relates to the proper application of the adjective law surrounding sentencing rather than to the court's substantive findings, we review for correctness. *See State v. Wanosik*, 2001 UT App 241, ¶ 8, 31 P.3d 615, *aff'd* 2003 UT 46, 79 P.3d 937.

Defendant's view, the court was required to grant him an accommodation per the ADA such as a shorter sentence, a jail term rather than a prison term, or probation.

¶5 We do not reach the merits of this argument, because Defendant did not preserve it for appeal by asking the district court to consider sentencing through the lens of the ADA or the Rehab Act. To preserve an argument for appellate review, the appellant must first present the argument to the district court in such a way that the court has an opportunity to rule on it. *State v. Kozlov*, 2012 UT App 114, ¶ 32, 276 P.3d 1207. In the district court, Defendant presented evidence suggesting that he was disabled due to physical injuries and substance abuse but did not assert that, under the ADA or the Rehab Act, these alleged disabilities entitled him to a modification of the statutory sentences for his multitudinous convictions. In fact, neither the ADA nor the Rehab Act was mentioned in the record of proceedings before the district court. Thus, we conclude that this argument was not preserved. *See State v. Kennedy*, 2015 UT App 152, ¶ 21, 354 P.3d 775 (noting that, to preserve an issue, the appellant "must present the legal basis" for the claim to the district court, "not merely the underlying facts or a tangentially related claim").

¶6 We will address an unpreserved claim if the defendant establishes that the failure to object was due to ineffective assistance of counsel, plain error on the part of the trial court, or exceptional circumstances. *Kozlov*, 2012 UT App 114, ¶ 33. Here, however, Defendant does not raise any of these exceptions to the bar imposed by the preservation requirement. Consequently, we decline to further consider Defendant's ADA/Rehab Act argument.

¶7 Defendant presents another challenge to the district court's sentencing decision: he argues that the district court should have given greater weight to his substance abuse issues, disabilities, and family circumstances and given less weight to

the short period in which he committed these crimes and the threat he presented to the public. Defendant claims that the court improperly weighed these mitigating and aggravating factors and should have imposed a non-prison sentence.

¶8     "In general, a trial court's sentencing decision will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *State v. Jaramillo*, 2016 UT App 70, ¶ 32, 372 P.3d 34 (citation and internal quotation marks omitted). When evidence of mitigating factors is properly presented to the sentencing court, we will assume that the court appropriately considered that evidence in its sentencing decision. *See State v. Moa*, 2012 UT 28, ¶ 41 n.65, 282 P.3d 985. "An appellate court will find an abuse of discretion only if it can be said that no reasonable person could adopt the view of the trial court." *State v. Miera*, 2015 UT App 46, ¶ 5, 345 P.3d 761 (citation and internal quotation marks omitted).

¶9     Here, Defendant presented evidence to the district court at the sentencing hearing relating to his substance abuse, disabilities, and family circumstances. Defendant argued that "all of his offenses were linked to him trying to self-medicate." (Brackets and internal quotation marks omitted.) For example, Defendant asserted that he had been "trying to self-medicate with alcohol for the pain he was in" due to injuries suffered in a car accident and had also been "self-medicating with illegal substances." (Brackets and internal quotation marks omitted.) He also noted that he had stolen his brother's identity to obtain prescription pain medication. And with regard to his family circumstances, Defendant claimed that his fiancée had been diagnosed with cancer and that he wanted to "be there for [his fiancée] in her time of need."

¶10    Because this evidence of mitigating factors was presented to the sentencing court, we assume that the court appropriately

considered it. *See Moa*, 2012 UT 28, ¶ 41 n.65; *see also State v. Nichols*, 2016 UT App 52, ¶ 10, 370 P.3d 575 (per curiam). And given that Defendant committed these five crimes while on probation, that he had a lengthy criminal history, and that he had violated his probation and parole conditions on numerous occasions, the district court's consideration and weighing of Defendant's mitigation evidence does not appear improper. *See, e.g., State v. McClendon*, 611 P.2d 728, 729 (Utah 1980) ("A sentence in a criminal case should be appropriate for the defendant in light of his background and the crime committed and also serve the interests of society which underlie the criminal justice system."); *State v. Valdovinos*, 2003 UT App 432, 82 P.3d 1167 (observing that probation will be granted at the discretion of the trial court rather than as a matter of right). Certainly, we cannot agree that "no reasonable person could adopt the view of the trial court" in imposing prison sentences; therefore, the court's decision was not an abuse of discretion. *See Miera*, 2015 UT App 46, ¶ 5 (citation and internal quotation marks omitted).

¶11    The fact that the district court was not as lenient in sentencing as Defendant would have preferred does not compel an inference that the court failed to consider all of the legally relevant factors or that the court's actions in ordering prison time were inherently unfair. *Cf. State v. Cline*, 2017 UT App 50, ¶ 7 (describing the circumstances under which a trial court's sentencing decision may be disturbed). Because Defendant's sentence does not exceed statutory or constitutional limits, and because he has not shown that the court failed to consider a legally relevant factor or that the court's actions amounted to an abuse of discretion, we decline to disturb the district court's sentencing decision.

¶12    Affirmed.

———————