**STATE of Utah, Plaintiff and Respondent,**

v.

**Phillip HOWELL and Shirley Howell, Defendants and Appellants.**

**No. 19397.**

Supreme Court of Utah.

Sept. 30, 1985.

Kathleen McConkie Adams, Bradley H. Parker, Salt Lake City, for defendants and appellants.

David L. Wilkinson, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

STEWART, Justice.

The defendants, Phillip and Shirley Howell, were sentenced to an indeterminate prison term of 0–5 years for the reckless physical abuse of three of their four children. They appeal, claiming a violation of due process and the imposition of cruel and unusual punishment. We affirm.

The defendants' four children were removed from their home by the Utah Division of Family Services because of suspected physical abuse. A medical examination substantiated the suspected physical abuse and also showed that three of the children had been sexually abused. The Howells admitted having physically abused their children, but denied any involvement in the sexual abuse. Polygraph tests indicated that their responses were truthful.

After the polygraph tests had been administered, the State filed a ten-count information charging the Howells with forcible sodomy, attempted rape and forcible sexual abuse of their three children. The Howells pled guilty to a charge of reckless physical child abuse under U.C.A., 1953, § 76–5–109(2)(b) (Supp.1983),[1] and the State

---

1. U.C.A., 1953, § 76–5–109(2) (Supp.1983) states: Any person who inflicts upon a child serious physical injury or, having the care and custody of such child, causes or permits another to inflict serious physical injury upon a child is guilty of an offense as follows: ... (b) If done recklessly, the offense is a felony of the third degree.

An actor acts recklessly under U.C.A., 1953, § 76–2–103(3) when:

dropped the sexual abuse and related charges.

Prior to sentencing, the trial judge reviewed presentence reports and other documents relating to both the physical and sexual abuse of the children. The trial judge held two sentencing hearings during which the prosecution and the defendants were allowed to challenge, or elaborate on, the information contained in those documents.

At one of the sentencing hearings, the trial judge stated that he had considered the defendants' polygraph examinations but did not regard them as conclusive. In sentencing the defendants, the court stated that it had "taken into consideration ... the sexual as well as the physical abuse." The court also stated that the case had caused a great deal of public commotion, that the court had received phone calls and a letter, but that the court had tried to fix the sentence unemotionally and on the facts presented.

The defendants appeal their sentences on the grounds (1) that their right to due process of law was violated when the trial court considered evidence relating to the sexual abuse charges which had been dropped; and (2) that imposition of the maximum sentence possible constituted cruel and unusual punishment because it was disproportionate to the crime.

## I.

■■■ The Legislature has authorized trial judges to impose statutorily specified indeterminate sentences in most cases. Nonetheless a trial judge has, substantial discretion in imposing a sentence. However, the exercise of that discretion is not unlimited, and it may not be exercised on the basis of unreliable information. *See infra* note 2. Due process applies to sentencing

[H]e is aware of but consciously disregards a substantial and unjustifiable risk that the circumstances exist or the result will occur. The risk must be of such a nature and degree that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances as viewed from the actor's standpoint.

procedures. *See State v. Casarez,* Utah, 656 P.2d 1005 (1982); *United States v. Fatico,* 579 F.2d 707, 711 (2d Cir.1978). In *Gardner v. Florida,* 430 U.S. 349, 358, 97 S.Ct. 1197, 1204–05, 51 L.Ed.2d 393 (1977), the United States Supreme Court stated:

> [I]t is now clear that the sentencing process, as well as the trial itself, must satisfy the requirements of the Due Process clause.... The defendant has a legitimate interest in the character of the procedure which leads to the imposition of sentence even if he may have no right to object to a particular result of the sentencing process.

■■■ However, "the requirements of due process in relation to evidence received during a sentencing proceeding do not correspond to the requirements of due process at the trial stage." *United States v. Marshall,* 519 F.Supp. 751, 754 (E.D.Wis.1981) (*citing Williams v. New York,* 337 U.S. 241, 251, 69 S.Ct. 1079, 1085, 93 L.Ed. 1337 (1949)). *Cf. Homer v. Morris,* Utah, 684 P.2d 64, 67 (1984). Evidence that is inadmissible at the guilt stage may be admissible for the purpose of sentencing. *See generally* Annot., "Court's right, in imposing sentence to hear evidence of, or to consider, other offenses committed by defendant," 96 A.L.R.2d 768 (1964).

The extent to which Utah's due process clause, Article I, Section 7 of the Utah Constitution, entitles a defendant to procedural protections at sentencing has not been directly addressed by this Court. We have held, however, that a judge sentencing a defendant in a capital case may consider the circumstances of the crime and also "the background and personal characteristics of the defendant." *State v. Wood,* Utah, 648 P.2d 71, 77 (1981). "Even after a jury has returned a verdict of guilty, the

U.C.A., 1953, § 76–5–109(1)(c) (Supp.1983) defines serious physical injury as "any physical injury which creates a permanent disfigurement; protracted loss or impairment of a function of a body member, limb or organ, or substantial risk of death."

moment of truth [for the defendant] often comes only when the sentence and judgment are imposed by the trial judge." *United States v. Grayson,* 550 F.2d 103, 109 (3rd Cir.1976) (Rosenn, J., dissenting), *rev'd,* 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978).

To insure fairness in the sentencing procedure, U.C.A., 1953, § 77–35–22(a) directs trial courts to hear evidence from both the defendant and the prosecution that is relevant to the sentence to be imposed. The second paragraph of § 77–35–22(a) provides:

> Before imposing sentence the court shall afford the defendant an opportunity to make a statement in his own behalf and to present any information in mitigation of punishment.... The prosecuting attorney shall also be given an opportunity to present any information material to the imposition of sentence.

Pursuant to this provision, trial judges may receive and consider a wide range of evidence concerning the defendant in fixing the penalty to be imposed for the crime committed.

The due process clause of Article 1, Section 7 of the Utah Constitution, requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence. *Cf. United States v. Bass,* 535 F.2d 110, 118 (D.C.Cir.1976).[2] To help effectuate that requirement, a defendant must be supplied a copy of his presentence report. *State v. Casarez,* Utah, 656 P.2d 1005 (1982); *State v. Lipsky,* Utah, 608 P.2d 1241, 1245–49 (1980) (plurality opinion).

The decision to compel disclosure of presentence reports is not intended to impinge upon the sentencing judge's discretion in determining what punishment fits both the crime and the offender; rather, it acts only to shore up the soundness and reliability of the factual basis upon which the judge must rely in the exercise of that sentencing discretion. *Lipsky,* 608 P.2d at 1249.

Although generally a sentencing judge will give considerable weight to the circumstances of the crime, a judge may also consider other factors. *See People v. Berry,* 117 Cal.App.3d 184, 172 Cal.Rptr. 756, 763 (1981). A number of courts have allowed consideration of facts relating to dismissed charges where the facts overlapped and had an "obvious and direct relevance to the crime to which the defendant pled guilty." *State v. Marzolf,* 79 N.J. 167, 398 A.2d 849, 850 (1979); *United States v. Madison,* 689 F.2d 1300 (7th Cir.1982). *See United States v. Garcia,* 693 F.2d 412 (5th Cir.1982); *United States v. Cruz,* 523 F.2d 473 (9th Cir.1975); *United States v. Hendrix,* 505 F.2d 1233 (2d Cir.1974); *State v. Green,* 62 N.J. 547, 303 A.2d 312 (1973). *See also United States v. Martinez,* 584 F.2d 749 (5th Cir.1978); *United States v. Doyle,* 348 F.2d 715 (2d Cir.1965).

The appellants object to the trial judge's consideration of evidence in the presentence report which indicated that the defendants had sexually abused their children. The evidence clearly establishes that during the time the Howells were physically abusing their children they either knew of the sexual abuse of their children or were "putting their heads in the sand" to avoid finding out about it. Either of these alternatives constitutes a form of both physical and sexual abuse. *See supra* note 1. Clearly, the evidence in question had indicia of reliability and was relevant in sentencing.

**2.** The generally recognized limitations on the types of evidence a judge may consider fall into four categories. First, sentences have been vacated where the evidence of criminal conduct was unconstitutionally obtained, *Verdugo v. United States,* 402 F.2d 599 (9th Cir.1968); second, where the court has relied on misinformation, *United States v. Tucker,* 404 U.S. 443, 447, 92 S.Ct., 589, 591–92, 30 L.Ed.2d 592 (1972); *Townsend v. Burke,* 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); third, where it is shown on appeal that the belief that the defendant may have committed a crime on another occasion is without support, *United States v. Weston,* 448 F.2d 626 (9th Cir.1971); and fourth, where the information used in making the sentencing determination was not reliable, *United States v. Baylin,* 696 F.2d 1030, 1040 (3rd Cir.1982); *United States v. Weston,* 448 F.2d 626, 634 (9th Cir.1971).

The trial judge stated at the sentencing hearing that he had considered evidence presented in the presentence report that the Howell children had been abused if not by the Howells, then by someone else. The evidence of sexual abuse was uncontroverted. The physician who examined the children stated that the damage caused by the sexual abuse was visible and would not have required medical training to detect. Certainly, the parents should have been aware of these circumstances had they been acting with reasonable care toward their children. The other information received by the judge, by phone calls and a letter, does not appear to have been part of the judge's deliberative processes.

## II.

■ Defendants also argue that, in view of the fact that they had no prior criminal record, the imposition of the statutorily prescribed sentence imposed amounts to cruel and unusual punishment. On the facts of this case, the argument is without merit. The sentence in this case is not disproportionate to the offense committed. *State v. Nance*, 20 Utah 2d 372, 438 P.2d 542 (1968). *Cf. Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).

Affirmed.

HALL, C.J., and HOWE, DURHAM, and ZIMMERMAN, JJ., concur.