STATE of Utah, Plaintiff and Appellee,

v.

**William Joseph SMITH, Defendant and Appellant.**

No. 910350.

Supreme Court of Utah.

Nov. 25, 1992.

R. Paul Van Dam, Marian Decker, Salt Lake City, for State of Utah.

John D. Musselman, Provo, for William Joseph Smith.

PER CURIAM:

Defendant appeals his jury conviction for aggravated robbery in violation of Utah Code Ann. § 76-6-302. Defendant was sentenced to serve a term of five years to life in the Utah State Prison. Affirmed.

Defendant's counsel has submitted an *Anders*[1] brief, explaining defendant's claims but stating that he has been unable to find any legal authority to support them. Counsel also complied with *State v. Clayton*, 639 P.2d 168 (Utah 1981), by sending his client a copy of the brief and allowing defendant to raise any additional points he wishes. Defendant has not filed any further pleadings. We therefore proceed to analyze the points raised in the brief.

On November 23, 1990, the day after Thanksgiving, a person wearing a cap or parka, dark glasses, and a heavy overcoat approached the courtesy booth of the Smith's grocery store in Provo. This person displayed a small handgun to Pete Giles and Mimi Dominge, the two clerks on duty, and demanded that they empty the cash drawers into a bag he gave them. The robber was given some $9,000 to $10,-000 in cash. A customer of the store observed the robber drive away in a late model red car with a white convertible top.

The police arrested defendant after a tip was received from Terrence Bryant, through his parole officer, that defendant had told Bryant he had committed the crime. Bryant allowed a recording device to be attached to his telephone. The State introduced into evidence an audio recording of a telephone conversation taken on that tap. In that conversation, the caller, identified by Bryant as defendant, spoke of the Smith's robbery as being one he had committed.

Defendant was arrested on November 29, 1990. At the time of his arrest, certain items were seized after a search of the trunk of defendant's 1979 Mercury Zephyr. The seized items included ski clothing, a small automatic handgun, and a number of one dollar bills. All of these items were introduced as evidence at defendant's trial. Other evidence showed that defendant had rented a red 1989 Chrysler LeBaron convertible on November 15, 1990, and had returned it on November 24, 1990.

The handgun seized from defendant's car was identified by both Dominge and Giles as the one displayed to them on November 23, 1990. Giles further identified defendant as the robber, but Dominge could not identify defendant during her direct testimony. She testified that she remembered that the robber had a scar or deep crease on the right side of his face, and defendant had no such scar. However, later, Dominge was allowed to take the stand again, and she positively identified defendant the second time. She stated that she could not see what she thought was a scar or crease in his face until she stepped down from the stand—that she could not see the crease from the angle of the witness chair.

Defendant's estranged wife and her baby-sitter provided alibi evidence that defendant was in Salt Lake City on the day after Thanksgiving 1990. The jury chose not to believe this testimony and returned a verdict of guilty of aggravated robbery.

---

1. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Defendant submits three issues on appeal: (1) Terrence Bryant's testimony is not credible or reliable; (2) Mimi Dominge impeached her first testimony by being allowed to retake the stand, and (3) the trial court erred in sentencing defendant to prison and disallowing his privilege for probation. Defendant's counsel correctly points out that the first two issues involve a determination of the credibility of the witnesses, which is a matter for the jury to determine.

As for the last issue, the sentence given by the court is the sentence prescribed by statute. Defendant has no right to be placed on probation, that being within the discretion of the trial judge.[2] Defendant has not shown that the court considered any unreliable information in pronouncing sentence, nor do we find any other impropriety in this case. We therefore find no abuse of the court's discretion in failing to grant probation.

Counsel's motion to withdraw from the case is hereby granted. The conviction and sentence are affirmed.

---

**2.** *See State v. Howell,* 707 P.2d 115, 117 (Utah 1985).