2016 UT App 39

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
MARIO L. GUILLEN,
Appellant.

Per Curiam Decision
No. 20150462-CA
Filed February 25, 2016

Second District Court, Ogden Department
The Honorable W. Brent West
No. 141901625

Samuel P. Newton, Attorney for Appellant

Sean D. Reyes and Lindsey L. Wheeler, Attorneys
for Appellee

Before JUDGES GREGORY K. ORME and J. FREDERIC VOROS JR., and
JUSTICE JOHN A. PEARCE.[1]

PER CURIAM:

¶1     Mario L. Guillen appeals from his sentences for attempted theft and giving false personal information to a peace officer. Guillen argues that the district court plainly erred by considering Guillen's actions during sentencing in its sentencing decision. Alternatively, he argues that his trial counsel's performance was deficient due to counsel's failure to address the issue with the court. We conclude that the district court did not consider any inaccurate or unreliable information in making its sentencing decision.

---

1. Justice John A. Pearce sat by special assignment as authorized by law. *See generally* Utah R. Jud. Admin. 3-108(3).

¶2 We review the sentencing decision of the district court, including the decision to grant or deny probation, for an abuse of discretion. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. "An abuse of discretion results when the judge fails to consider all legally relevant factors or if the sentence imposed is clearly excessive." *Id.* (citation and internal quotation marks omitted). Furthermore, "[a]n appellate court may only find abuse if it can be said that no reasonable [person] would take the view adopted by the trial court." *Id.* (second alteration in original) (citation and internal quotation marks omitted). However, due process requires "that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence." *State v. Howell*, 707 P.2d 115, 118 (Utah 1985).

¶3 Guillen argues that in making its sentencing decision, the district court improperly relied on Guillen's refusal to look at the victim while she was speaking at his sentencing hearing. Specifically, after the victim addressed the court, the prosecutor stated: "I find it interesting that the defendant doesn't pay attention to the victim during [her] speech." The district court responded that Guillen's demeanor "was not lost on me." However, immediately thereafter, Guillen informed the court that his attorney told him not to look at the victim. The court acknowledged the statement by responding, "Oh. Okay. All right. Anything else anybody wants to say?" Guillen argues that this exchange demonstrates that the district court relied on inaccurate and unreliable information in making its sentencing decision. We disagree.

¶4 The exchange demonstrates that Guillen was able to correct any of the district court's potential misconceptions caused by Guillen's failure to look at the victim while she was speaking at sentencing. The district court then accepted this explanation. Thus, the record does not demonstrate that the

district court relied on the inaccurate or unreliable information claimed by Guillen.

¶5    We note that the presentence investigation report (PSI) recommended two concurrent jail sentences of 365 days. This recommendation was based on Guillen's extensive criminal history; his negative parole history, including absconding from supervision twice; and his pending criminal charges in Colorado. In rendering its decision the district court expressly indicated that it believed that the PSI's recommendation was correct and that it was adopting that recommendation. Guillen points to nothing in the record that would demonstrate that some lesser sentence was warranted. Ultimately, Guillen cannot show that no reasonable person "would take the view adopted by the trial court." *See Valdovinos*, 2003 UT App 432, ¶ 14.

¶6    Affirmed.

———————