**2017 UT App 11**

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
LANDIN DEE MOOSMAN,
Appellant.

Memorandum Decision
No. 20150588-CA
Filed January 12, 2017

Third District Court, West Jordan Department
The Honorable Bruce C. Lubeck
No. 151400319

Joanna E. Landau and Daniel M. Torrence, Attorneys
for Appellant

Sean D. Reyes and Jeanne B. Inouye, Attorneys
for Appellee

JUDGE JILL M. POHLMAN authored this Memorandum Decision, in
which JUDGES GREGORY K. ORME and STEPHEN L. ROTH
concurred.

POHLMAN, Judge:

¶1     Landin Dee Moosman pleaded guilty to violating a
protective order, resulting in his third conviction for that offense.
While Moosman requested "another chance to go back on
probation," the district court imposed a term of imprisonment
and revoked Moosman's probation for his prior offenses.
Moosman appeals, asserting that the district court's sentencing
decision was inherently unfair and based on irrelevant and
unreliable information. We affirm.

¶2     In 2013 a woman (Mother) obtained a protective order
against Moosman, with whom she shares a child. The protective

order contained a condition, to which Moosman and Mother stipulated, that they would not communicate except for text messages regarding their child. Moosman violated that provision several times by sending text messages to Mother about subjects other than their child. In 2014 Moosman twice pleaded guilty to violating a protective order, both third degree felonies. The two resulting sentences were suspended in favor of probation. In 2015, while on probation for those offenses, Moosman again sent text messages to Mother regarding subjects other than their child. Moosman subsequently pleaded guilty to violating a protective order, again a third degree felony.

¶3    At sentencing the district court revoked Moosman's probation for his two prior offenses and imposed both previously suspended sentences, which were for indeterminate prison terms not to exceed five years. For the latest offense, Moosman was likewise sentenced to prison for an indeterminate term not to exceed five years. All three sentences were to run concurrently. On appeal, Moosman asserts that the district court abused its discretion by imposing "a prison sentence over probation."[1]

¶4    "We have traditionally afforded trial courts wide latitude and discretion in sentencing, recognizing that they are best situated to weigh the many intangibles of character, personality and attitude, of which the cold record gives little inkling." *State v. Killpack*, 2008 UT 49, ¶ 58, 191 P.3d 17 (citations and internal

---

1. Moosman does not distinguish between the district court's imposition of a prison term for the latest offense, and the court's revocation of probation and imposition of the previously suspended sentences. We need not address those differences in posture because Moosman's arguments otherwise fail on appeal. Thus, we follow Moosman's lead and treat all three sentences similarly.

quotation marks omitted). A trial court's sentencing decision generally "will not be overturned unless it exceeds statutory or constitutional limits, the judge failed to consider all the legally relevant factors, or the actions of the judge were so inherently unfair as to constitute abuse of discretion." *Id.* ¶ 59 (citation and internal quotation marks omitted).

¶5 Moosman first challenges the district court's sentencing decision as inherently unfair and disproportionate to the allegedly "benign" conduct that gave rise to his three convictions. The offenses involved what Moosman deems relatively minor infractions. The latest violation was perhaps the most innocuous, and Moosman asserts he should have again been placed on probation. Moosman also points to other considerations that were before the district court and allegedly weighed in favor of probation.

¶6 At sentencing the district court expressed concern over the difficulty of the situation, in which there was "no [really] good answer for anyone." While Moosman presented the court with an explanation to downplay each violation—asserting that it "was a mistake" or that it "wasn't a threat"—Moosman's repeated violations of the protective order had put him before the court "time and time and time again." Thus, following the recommendation of Adult Probation and Parole (AP&P) as provided in its presentence report, the court imposed a term of imprisonment.

¶7 "A defendant is not entitled to probation, but rather the trial court is empowered to place the defendant on probation if it thinks that will best serve the ends of justice and is compatible with the public interest." *State v. Valdovinos*, 2003 UT App 432, ¶ 23, 82 P.3d 1167 (brackets, citation, and internal quotation marks omitted). Although the district court could have taken a different approach and again placed Moosman on probation, the court's sentencing decision was neither inherently unfair nor

disproportionate to the underlying conduct and thus did not constitute an abuse of discretion. *Cf. State v. Wimberly*, 2013 UT App 160, ¶¶ 20–22, 305 P.3d 1072 (concluding that the district court acted within its broad discretion in sentencing the defendant to prison rather than suspending the sentence and placing him on probation).

¶8 Moosman also asserts that the district court abused its discretion by relying on irrelevant and unreliable information. During sentencing the court referred to a "dynamic[,] . . . pretty well known in the literature and in experience," which suggests that Moosman is "indeed a danger to" Mother. The court stated, without further elaboration, that "there is a great deal of literature about the simple fact of not letting go, [and] continued efforts at control, however innocuous [that] may seem," it is nonetheless "dangerous."

¶9 "The due process clause of Article 1, Section 7 of the Utah Constitution, requires that a sentencing judge act on reasonably reliable and relevant information in exercising discretion in fixing a sentence." *State v. Howell*, 707 P.2d 115, 118 (Utah 1985). "When there is evidence in the record showing a sentencing judge's reliance on specific information, we will not consider it improper for a judge to rely on such information if the evidence in question had indicia of reliability and was relevant in sentencing." *State v. Moa*, 2012 UT 28, ¶ 36, 282 P.3d 985 (citation and internal quotation marks omitted). It is the defendant's burden to "demonstrate that the information [relied upon] was unreliable or irrelevant." *Id.*

¶10 In context, the district court's statement was that a defendant's ongoing attempts to control a former intimate partner are indicative that the defendant remains a danger to her. While Moosman assails the district court's reference to "literature" and "experience," he does not assert that the principle referenced by the district court was generally

unreliable. We therefore do not conclude that it was. *See id.* (placing on the defendant the burden of showing unreliability).

¶11    Moosman does claim that, as applied to him, the principle relied on by the district court was irrelevant and unreliable because he was not dangerous. In support, Moosman reiterates the arguments he made with regard to the asserted unfairness of the district court's sentencing decision—that, for example, his offenses involved nonviolent, nonthreatening, and relatively benign conduct. But the premise of the district court's reasoning was that interactions with and attempts to control a former intimate partner may appear benign and yet still indicate an ongoing threat. Moosman has not presented any argument in response to that principle.

¶12    Given Moosman's repeated violations of the protective order and AP&P's recommendation of imprisonment, we cannot conclude that "no reasonable person would take the view adopted by the trial court," which was that, under the circumstances, imprisonment rather than probation was the appropriate sentence. *See State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167 (brackets, citation, and internal quotation marks omitted). For these reasons, the judgment of the district court is affirmed.

————